IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE MYERS, | § | |
| HC SPN 00209624, | § | |
|     Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-3600 |
| | § | |
| FIESTA FOOD STORE, | § | |
|     Defendant. | § | |

OPINION ON DISMISSAL

While a pre-trial detainee in the Harris County, Texas Jail, plaintiff Freddie Myers filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 against the manager and a security guard of the Fiesta Food Store located at Tidwell and Mesa Road in Houston, Texas. (Docket Entry No.1). Because plaintiff's complaint fails to state a cause of action under § 1983, the Court will dismiss the complaint.

BACKGROUND

Plaintiff reports that on September 5, 2006, a manager at a Fiesta Food Store accused plaintiff of theft and trespassing. The manager filed false charges against plaintiff and had him arrested. (Docket Entry No.1). Charges were subsequently dismissed and plaintiff was released from Harris County Jail on December 7, 2006. Harris County Crime Victim Information-Offense Inquiry Results.[1]

Plaintiff also reports that a security guard at the Fiesta Food Store put his hand in plaintiff's pocket and pulled out all of plaintiff's money. The guard then pocketed twenty dollars of plaintiff's

---

[1] http://apps.jims.hctx.net/victiminfo/Submit.do

money. When plaintiff told him to give it back, the guard hit plaintiff in the chest three times with his fist. (Docket Entry No.1).

Plaintiff requests the State to file suit against Fiesta and their security system.

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two essential elements: that the conduct complained of was committed under color of state law, and that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). A manager and a security guard, employed by a private grocery store are not state actors and are not subject to suit under § 1983. Because plaintiff cannot prove any set of facts in support of his claim against defendants under § 1983, his complaint fails to state a cause of action and will be dismissed.

## CONCLUSION

Based on the foregoing, the Court ORDERS plaintiff's complaint (Docket Entry No.1) DISMISSED with prejudice for failure to state a claim. All pending motions are DENIED.

Signed at Houston, Texas, on this 8th day of January, 2007.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

3